May it please the Court, my name is James Smith. I'm here on behalf of the petitioner Tabalanza. I would like to, if I may, to address some of the questions that this panel has posed to counsel. In the first place, with respect to this notion of deference for Chevron, the Sedano-Vieira case of this Court made very clear that the standard since moderate matter of Yanis, which is a BIA case cited in Sedano, that Baron Medina standard governs both the BIA and the Ninth Circuit, and that the BIA held we will be guided by the holdings of the circuit wherein the case arose with respect to what is an aggravated felony. Moreover, the Ninth Circuit in Baron Medina has articulated that standard for sexual abuse of a minor. Therefore, this is not a Chevron case. This is a case that really addresses the reach of Baron Medina to a different statute, 261.5c. Now, with respect to 261.5c in Baron Medina, we, I think, are generally on the same page that there are two issues. The threshold issue on the modified categorical approach is whether the full range of conduct within the statute, looking at the statute, not the record of conviction, as an abstract proposition. What is the full range of conduct that's covered under the ordinary, contemporaneous, and common meaning of the term used in the Federal statute? All right. Now, if we look at 288A, and I'm responding to some of the questions from the panel, and we compare it to 261.5c, the age parameters, I think we're all very familiar with those, but the one factor that hasn't been discussed yet, which is a fundamental difference, is that of mens rea, which is the very foundation of our criminal justice system. And there we see in 288A there is a specific intent requirement of sexual gratification, of lascivious and lewd conduct in order to achieve that sexual gratification. I don't really understand that difference. I mean, you need it for 288A, because if, say, somebody is bathing a female child, ordinarily there would be no intent of sexual gratification. But if there is, then it constitutes the crime. But with sexual intercourse, why else would anyone do it except for sexual gratification? Well, Your Honor, if I may respond. And certainly in the practical world, in the ordinary course of events, your common sense observation is without challenge. But, A, the statute does not require that. 261.5c requires nothing with respect to intent. In other words, let's hypothesize a situation in which the statute requires nothing with respect to intent. The one before us, 261.5c, there is no sexual intent requirement whatsoever. You have to know, at the least, you have to know that you're engaging in sexual intercourse. That's true. So if you're drunk or asleep, you wouldn't be committing the crime, probably. And probably you have to intend to engage in an act of sexual intercourse. But that doesn't necessarily mean it's for gratification. And I realize that may sound like ---- That's where I'm not understanding. Well, if I may, Your Honor, and I understand it's a difficult point, but the way I see it, it goes something like this. And I'm looking at the statute, nothing else. We could be ---- maturity of the parties is irrelevant. The sexual experience, who initiated it, all of that is irrelevant. The motivation could be a lark, could be a bet, could be all kinds of things other than sexual gratification. The legislature has made that very clear, because in Section 290, the sexual registration statute, and I cited this in the brief, but it's 290a2e, it so provides that in a case like this, 261.5c, as opposed to 288a, the court, upon a finding that sexual compulsion or an intent of sexual gratification was the purpose, may order registration as a sexual offender of someone convicted of 261.5c. Otherwise, the court need not do so. Therefore, the legislature has recognized that there may or may not be a sexual intent here. And the statute requires none. So that mens rea requirement differs from 288a. The consequences of the punish ---- well, the punishment for 288a is 8 years. The maximum punishment, and it's a felony, not a felony misdemeanor. On the other hand, 261.5c is a felony misdemeanor. You could have misdemeanor probation. The consequences are even more drastic. If you're convicted of 288a, it's a violent felony under California law for purposes of the three-strike rule. There's mandatory registration. If you get a subsequent 667.6 offense, which is before the court today, it is a felony. None of that follows for 261.5c. The sexual reporting requirement of 11165.1 is even more dramatic. It lists 288a and 261.5d, which is sex of someone over 21 with someone under 16, as requiring reporting of the offense as child abuse. 261.5c, the statute before us, does not appear on that list. So, in other words, the State of California, the legislature, has specifically defined sexual abuse of a minor to include 288a and not to include 261.5c. Now, the fact that the legislature has done that and that the courts have consistently referred to 261.5c either by not referring to it or by referring to it as including abusive as well as non-abusive conduct, I think makes it very clear that in the ordinary, contemporary, common meaning of the term, this statute includes both abusive and non-abusive conduct. Let me ask you something about stat rape and other circuits. There are somewhat analogous statutes in a number of other states. If I remember correctly, other circuits have treated this as sexual abuse of a minor. Not this kind of. Your Honor, this statute is exceptionally broad. It goes from eighth grade to university freshman. I thought this was based on, I think it's the model penal code, where they changed that rate so that it's largely a function of the age difference rather than just the age of the girl. The age. And that it had been adopted widely. And in a number of other circuits, it said that it counts as sexual abuse of a minor for purposes of the INS issue. I think that it's very difficult to compare jurisdictions. Of course, the model penal code has only been adopted in part in most jurisdictions. They take a piece of it. Here, if we look at other states like Virginia or Arizona or Nevada, you see different statutory schemes. For example, the 261.5d, Your Honor, which contemplates over 21 and under 16 on the part of the parties, that's a parameter that's there. The lack of mens rea is another. If you look at other state statutes, in fact, most of the cases that have dealt with this issue to date, nearly all of them, have involved either under 14 or sexual intent. This statute is very unusual because of its breadth as to age, its lack of a mens rea, and the fact that the State of California, as well as the judiciary, have consistently considered it to include non-abusing conduct. So I think we are truly dealing with a case of first impression with respect to the under the modified categorical approach, a statute that is divisible in that it includes both abusive and non-abusing conduct. Here's what I'm looking at. There's a Second Circuit case, Mugalle, interpreting New York's stat rape law, and it says it's sexual abuse of a minor. There's a Seventh Circuit case, Vargas-Garnica, that happens to be dealing with the State of California statute, 261.5c, and it says it's sexual abuse of a minor. And we have said that it's sexual – that it's an aggravated felony for purposes of the sentencing guidelines. They're not – we haven't set it for purposes of this INS issue. Well, Your Honor, I think with all due respect to the other circuits, the sophistication of this circuit with respect to its modified categorical approach in the cases of reverse Sanchez and Corona Sanchez show a greater appreciation of that doctrine than other circuits. So I think quoting another circuit, even though involved in California statutes, they're applying a different test. They're not applying Berrin-Medina, Rivera-Sanchez, and the jurisprudence of this circuit. Can I ask this before the time runs entirely? Assuming we were to take a modified approach so that we're actually looking not simply at the crime of conviction as defined in the statute, but as to actually what happened in this case. Why in this case on these facts is this not sexual abuse of a minor? We have a 14-year-old girl. We have a 20-year-old male. The sex is consensual. She leaves the bedroom window open. He comes in. They have sex. The age disparity is substantial. As far as the record shows, and I think the record on this point is probably unambiguous and sufficiently complete for our purposes, there's no parental consent. There's no moving next door. The parents are angry from the get-go. Why is this not sexual abuse of a minor? Well, I appreciate the question, Your Honor. And on page 30 of my brief, I cite language from Rivera-Sanchez as to what you may look at in terms of the record of conviction, because it's not a matter of retrying the case, as you know from the court's jurisprudence. You look to the indictment or the information or complaint. You look to the plea transcript, which was never provided. It is not part of the record below. And, in fact, the only document that we have in the certified record that can properly be called within the meaning of this Court's jurisprudence, Rivera-Sanchez, for example, part of the record of conviction is the complaint. Now, the complaint does allege in statutory language that the victim was 14 and that the perpetrator, the defendant, was 3 years older, but that's all it alleges. It doesn't say anything about his age, anything about the nature of their relationship, how lengthy it was, whether there were any elements of coercion, whether or not he was required to register as a sex offender, which is, I think, a bright-line test in California. If I can interrupt, I'm looking at the administrative record beginning at page 158. 158? Yes, in the Superior Court of the State of California, in and for the county of Kern. Honorable Stephen P. Gildner, Judge, I'm getting a fairly detailed narrative of the circumstances of this sexual encounter. Are you saying that's not properly in front of us? Absolutely not. That's the probation officer's report, and both the BIA cases as well as this Court's jurisprudence, but clearly the Board of Immigration Appeals, this is extraneous  And this is not just a technicality, Your Honor. This is real life in this sense, that if the parties on the record, when the plea has entered, stipulate that those are indeed the underlying facts of the circumstance, then that is indeed a judicially noticeable fact. The probation officer's report is nothing like that. It is a narrative that is ex parte in every sense. The parties have not stipulated to that, and I frankly don't know what the underlying facts and circumstances are here, because the record is wholly inadequate. In fact, this record is in many ways, pardon the expression, but a bit of a farce because it was tried on the theory that it was raped. No evidence was submitted with respect to the kinds of questions that you were raising other than non-record evidence, and we're left with the Board of Immigration Appeals deciding the case on one theory and having been tried on another on the basis of inadequate record. Okay. Fair answer. Thank you, counsel. Thank you. I'm still representing the government in this case. Again, we're interpreting Section 261.5c and whether or not the sexual abuse of a unlawful intercourse with a minor is construed as sexual abuse of a minor for purposes of 1101A43A, and for the reasons cited in our brief, we make the same arguments in this case as we did in the one before, that it is clear that the Board should be given deference in how to analyze this case, and it has construed this part of the California Penal Code as being as falling under the category of an aggravated  I'm a little confused on whether this one was litigated as a rape case or a sexual abuse of a minor case. There's some evidence, Your Honor, there's some evidence in the record that initially at the first couple of master calendar hearings, they couldn't decide what charge. But I think on the, let me see if I have it here, I know it's feed. The third appearance. I think on the third master calendar hearing, the certified conviction documents were introduced on November 17th of 98 and again on December 10th of 98, and at that point, they determined that it would fall under sexual, the rape, murder, sexual abuse of a minor definition of aggravated felony. But you just listed all three of those provisions. That shouldn't help. Which is it? It's sexual abuse of a minor. Well, it is and it isn't. What, do we have formal charging documents in front of the immigration judge that say we're charging here sexual abuse of a minor? I believe the, Your Honor, I appreciate that question. I believe the service at the time of the merits hearing introduced the conviction, the complaint. And what does the complaint say? It's on page 117 of the administrative record. Okay. On or about January 5th of 1998, the Petitioner did willfully and unlawfully engage in an act of unlawful sexual intercourse with a minor, age 14, who was more than three years younger than said person. Oh, this is the complaint in the State court. I'm asking the charging document in front of the I.J. Oh, oh, I'm sorry. I'm asking for what pieces of paper are in the record that tell us that the would-be deportee knew what he was being charged with in front of the I.J.? The actual notice, the charging document, the NTA, is on page 182 of the administrative record, and that lists, you know, that he's charged under Section 237A2E, child abuse, child neglect, child abandonment. And I think it's later in the record. But that is not child abuse, child neglect, child abandonment. That's withdrawn. That's written right over the thing. It says withdrawn. Okay. What bothers me about this, and I'm not sure it'll warrant looking further through looking through here for what I think is not there. What bothers me is that it does not appear that Mr. Tabalanza knew or his lawyer knew in front of the I.J. that what he was being charged with was sexual abuse of a minor. I think he knew that he was being charged with rape. The I.J. specifically said rape. The I.J. did not discuss sexual abuse of a minor. On page 20 of your brief, you say both the immigration judge and the board found petitioner removable or reason of having been convicted of aggravated felony in the form of sexual abuse of a minor. That is not true. The I.J. did not say sexual abuse of a minor. The I.J. said only rape. The Board of Immigration Appeals tried to save it by calling it sexual abuse of a minor, but the I.J. said no such thing. Am I not correct? Yes. And your brief, then, incorrect? I believe our brief responds to that concern. I read from your brief, and I think the statement in your brief is erroneous. Isn't that right? Well, if it is, it is. Okay. It is, yeah. Because I don't think the I.J. In fact, I know the I.J. did not find that there was sexual abuse of a minor. The I.J. found there was rape. And the BIA would not find the sexual abuse of a minor. Even your I.N.S. attorney pursued the rape all the way up until the time when we received the BIA decision, and the BIA says it's sexual abuse of a minor. That goes to the due process claim, and that assumes we get there in this case. Right. Right. The record shows, though, that during the time of the three or four master calendar hearings before the merits hearing, they discussed the service attorney and the immigration judge discussed the charges, and that the petitioner in this case was put on notice of the fact that there would be a charge under 101A43A, which includes rape, murder, sexual abuse of a minor. But it was not specified which of those things, which was. Now, let me ask you this. Your brief argues, it doesn't spend much time on it, but argues that we have no jurisdiction to decide the due process claim. Now, is that true? But we clearly have jurisdiction to decide whether or not this is an aggravated felony. Yes, that's correct. Now, what if the due process argument is mixed up with the question of aggravated felony, and if the heart of the due process argument is Mr. Tabalanza says, because of the due process violation, I was not able to make an appropriate argument on the very question of aggravated felony. Are we without jurisdiction to look into the due process violation that he asserts that if he's right, he may or may not be, prevented him from arguing the very question that's at issue in front of us? No. So we can look at due process in that circumstance? If you construe the question that way, yes, Your Honor. So in other words, due process is appropriate in front of us to the extent that the due process objection goes to his ability to litigate the aggravated felony issue? If you get to that, if you get to that. Okay. So the due process question in this case is in front of us? Well, we find that our position is that it isn't. But the due process question is tied up with litigating that very question of aggravated felony. I thought you just told me that that due process question. There's no evidence of he hasn't made that argument. There's no showing of prejudice for a due process. Well, there may or may not be showing of prejudice, but he certainly made the due process argument. Well, yes. Yes, Your Honor. Okay. Under the, as I said earlier, under the case law of this circuit and other circuits, as mentioned in our brief, and under the board's decision in matter of small, this court lacks subject matter jurisdiction because a conviction under 231.5c of the California Penal Code falls under the category of an aggravated felony because it's sexual abuse of a minor. Do you agree with your adversary's position that we really don't have any evidence in front of us that we, on which we may appropriately rely in terms of the circumstances of the sexual encounter? For example, he says correctly that the circumstances described toward the end of the record are really only those circumstances described in the probation report, and that isn't in front of us. Do you agree with what your adversary said on this point? No. Because? I think the record is clear. I believe the record is clear. Even if it's clear, is that enough? I thought under the modified categorical approach, the clarity of the record was not sufficient for us to take account of it. What we had to look at is what the boundaries of the statute are unless some formal document such as a guilty plea or the judgment in the criminal case recites facts that would be more specific. I thought, in other words, we were quite limited in what we could take notice of. I think the administrative record contains sufficient evidence to support that, the finding of sexual conviction for sexual abuse of a minor under the California statute. Oh, sure. No problem there. Here's the issue that I'm focusing on. Under the statute, a person could be guilty of the crime even where the age spread was much narrower than the 14-year-old girl, 20-year-old boy spread in this case. And I'm wondering whether we're compelled to treat this as the narrower age spread that's possible under the statute or the wider age spread that's established by the facts in this case. But isn't that going behind the record of the agency? That's what I'm asking you. I thought we could not go behind the record to look at the facts in this case, the 14-year-old and the 20-year-old. But I understood your answer to be that we can and we should. You can't. It's inappropriate to go behind. You have to look at what was before the Board of Immigration Appeals, the documents that were there before the immigration judge and then the Board, and you have to make a decision based on the administrative record there. And whatever the documents are there, if it includes the indictment, the criminal information, the probation report, those are adequate to be able to make a determination. So you're saying we can look at all the documents as long as the BIA had them. So you're rejecting the line of authority from the Supreme Court and this Court that limits what documents we can look at. It's limited to you can review what's in the administrative record. All right. I have your position. Thank you, counsel. Thank you. Tabalanza v. Ashcroft is submitted.
judges: Kleinfeld, Wardlaw, W Fletcher